```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:08CV425-MU-2
                    (3:03CR231-1-MU)
```

| | |
|---|---|
| **JUAN CARLOS BARRAGAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion for an extension of time (document # 8) in which to reply to the Government's Motion for Summary Judgment, filed August 5, 2009).

On September 16, 2008, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 (document # 1). On May 11, 2009, the Court entered an Order directing the Government to respond to Petitioner's allegations (document # 2). The Government's Answer and Motion for Summary Judgment were filed on July 20 2009 (document ## 6 and 7). This Court's review of the Government's Motion for Summary Judgment reflects that the Government may be entitled to a summary judgment as a matter of law.

**PETITIONER BARRAGAN, PLEASE READ THIS CAREFULLY:**

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding <u>pro se</u>, of the heavy burden that he carries in responding to

Respondent's Motion. Indeed, the Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008). This language means that if Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). An unsworn statement, made and signed under the penalty of perjury, also may be submitted.

Affidavits or unsworn statements must be presented by Petitioner to this Court within thirty (30) days of the entry of this Order. <u>As stated by Rule 56(e)(2), Petitioner's failure to respond may result in granting Respondent's Motion for Summary Judgment, that is, in the dismissal of this Motion to Vacate with prejudice</u>.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion for an extension of time is **DISMISSED as moot;** and

2. Petitioner has thirty (30) days from the entry of this Order to file his response, including any evidence, to Respondent's Motion for Summary Judgment.

The Clerk is directed to send copies of this Order and Notice to the parties.

**SO ORDERED.**

Signed: November 12, 2009

Graham C. Mullen
United States District Judge